# CIRCUIT COURT OF BALTIMORE CITY

Filed December 24, 1892.

## BRADFORD
### VS.
## BRADFORD.

*T. K. Bradford* for plaintiff.

*F. R. Williams* and *C. W. Brown* for defendant.

DENNIS, J.—

In regard to the several exceptions to the auditors' account.

1. The exception of Keyser to the refusal of the auditor to allow his claim will be overruled. He is *quoad* this property, a simple contract creditor, and as such, not entitled to share in this fund.

2. The exception to the allowance of interest upon the claim of W. Hall Harris is sustained. There are no such circumstances in the case as to justify an allowance of interest to him.

3. The exception to the allowance of the auditor's fees is overruled. No testimony has been taken upon the question, and under the present system, in the absence of testimony, it is impossible for the Court to determine whether the charge is excessive or not.

4. The exceptions to the allowance of Mallory's claim are overruled, as the exceptants are in no position to make the objection urged to its allowance.

5. The exception to the failure of the auditor to charge the trustee with rents is sustained. The account should charge him with all rents received since the estate came into his hands (allowing him credit for such as he may have accounted for in his report to the Orphans' Court of Baltimore County, as executor, if any) and crediting him with all taxes paid by him, together with the incidental charges thereon.

6. The exception to the allowance of commissions and the special fee to the trustee are overruled. It is true that, in strictness, the trustee had no right, by advancing money to the cestui que trusts, to deplete the available assets of the estate so that he was unable to keep down the taxes as they matured; and he should also, in common prudence and according to the well recognized rules of the Court, have rendered an annual account of his receipts and disbursements; but I do not think his failure to comply with the strict requirements in these respects, should, under the peculiar circumstances of the case, be visited with the severe and harsh punishment of depriving him of his commissions. He was the son of the testator, and the cestui que trusts were his mother and sisters and brothers, the property was unsaleable and the income therefrom barely enough to supply them with the means of livelihood, nearly all of them, so far as the testimony shows anything at all upon the subject, being dependent upon this income. He seems to have managed the estate fairly well, looking forward to the time when a sale could be made; and it is hardly to be imputed to him as a grave perversion of his duties as trustee if, under such circumstances, he gave an undue prominence to the present necessities of the cestui que trusts. The penalty invoked is a harsh one, and is not applied except in the case of an extreme or willful dereliction of duty on the part of the trustee. Moreover, it is undisputed that his actions in the premises and his general management of the property have had all the time, the approval of all of the cestui-que-trusts, with the single exception of this exceptant.

The charge that the trustee kept no books is not sustained by the evidence. He may not have kept books according to the most approved methods, but he kept sufficient to be able to render a perfectly intelligible account, and the failure to attempt to falsify this account in any item ought to be a sufficient answer to the charge.

The allowance of the special fee is justified by the testimony. When the character of the property, its unsaleability and the necessity of managing it so as to provide for the necessities of the cestui que trusts for so many years, and the totally inadequate compensation that the allowance of commissions upon his collections of income would amount to for such services—when all these considerations are taken into account, I think an allowance at the rate of $250 per annum is a very moderate one for the general management of the estate. His commissions on the sale is, of course, wholly independent of this. His allowance, moreover, is assented to by all the cestui que trusts save the exceptant; although their interests in the distribution will be thereby affected adversely equally with those of the exceptant.

The testimony fails to show any *agreement* on the part of the trustee not to charge commissions. He may not have intended originally to charge commissions, and some of the cestui que trusts may not have expected him to charge them; but it is not claimed or shown that he was appointed trustee upon any such agreement, or that anything occurred which could operate as an estoppel against his now setting up a claim to them.

The claims of the co-sureties, with T. Kell Bradford one the bond of John H. Handy, for monies paid by them, on judgments against them, should be allowed against the share of the said Bradford.

The other exceptions will be overruled and the case referred back to the auditor to state an account in accordance with these views.